UNITED STATES, Appellee,

v.

Specialist Kenneth L. HUNTER, 374–96–3129, United States Army, Appellant.

ACMR 9300159.

U.S. Army Court of Military Review.

10 Sept. 1993.

For Appellant: Captain Michael A. Egan, JAGC, Captain Alison L. Becker, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Kenneth T. Grant, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before De GIULIO, MORGAN, and GONZALES, Appellate Military Judges.

OPINION OF THE COURT ON MOTION FOR RECONSIDERATION

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of attempting to import cocaine and heroin, conspiracy, wrongful introduction of cocaine with intent to distribute, importing cocaine and heroin, and distribution of cocaine and heroin, in violation of Articles 80, 81, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, and 912a (1988). He was sentenced to a dishonorable discharge, confinement for twelve years, total forfeitures, and reduction to Private E1. A pretrial agreement provided that the convening authority could approve the sentence, but required him to suspend for twelve months all confinement in excess of ten years. The convening authority approved the sentence, but suspended for twelve months confinement in excess of eight years. This court affirmed the findings of guilty and the sentence. *United States v. Hunter*, A.C.M.R. 9300159 (A.C.M.R. 6 Aug. 1993) (unpub.).

Appellant now moves for reconsideration of this court's decision in his case and moves to admit an affidavit of appellant. We grant the motion to admit appellant's affidavit. We deny the motion for reconsideration of our decision.

The initial brief in this case contained several matters personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). As to one of these matters, it was stated:

The record of trial (R. 25–26) and the stipulation of fact indicate that CID conducted a field test of the substances [appellant] was carrying heroin and cocaine. Yet the first paragraph of the CID Report states that no such field test was conducted to insure the integrity of the packages so the delivery in New York would be controlled. R. 117. [Appellant] submits that both statements cannot be correct, and if a field test was not actually performed, then he should have known that before he pleaded guilty. He would not have pleaded guilty if that were the case. *[Appellant's] affidavit to this effect is forthcoming and will be filed with the Court upon receipt by appellant defense counsel.* (emphasis added).

Appellant's assignment of errors was filed with this court on 28 July 1993. Government appellate counsel's answer to the assignment of errors was filed and the case came to issue on 30 July 1993. No other motions or pleadings were filed with this court. On 6 August, this court issued its decision affirming the findings of guilty and sentence. Now, appellant contends that reconsideration is necessary because this court prematurely determined his *Grostefon* matters because his brief specifically states that his affidavit would be forthcoming.

 In *Grostefon*, it was established that when an accused specifies error in his court-martial, appellate defense counsel must invite the Court of Military Review's attention to that issue. In addition, the Court of Military Review must acknowledge that it has considered those issues and its disposition of them. Although there have been further opinions on the application of *Grostefon*, none has suggested that *Grostefon* relieves an appellant from following the proper procedures and time requirements for filing motions and pleadings before this court. Where additional time is required for a complete filing before this court, a motion for an extension of time is appropriate. A.C.M.R. R. 23.1, 24.1.

A statement by appellant or counsel in a brief or in an appendix to a brief that a document "is forthcoming" is not sufficient to delay the decision of this court. Considering the pleadings filed in this case, or the lack of them, it cannot be said that this court's decision in this case was premature.

We have considered the appellant's affidavit filed belatedly before this court. It does not cause us to reconsider our finding that his assertions, to include those raised pursuant to *Grostefon*, are without merit.

Appellant's motion for reconsideration is denied.

Judge MORGAN and Judge GONZALES concur.